UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

JEFFREY HOLTZMAN,             )
                              )
    Plaintiff,              )
                              )
vs.                           ) **CASE NO.: 9:07-CV-80551-KAM**
                              )
B/E AEROSPACE, INC., a Delaware )
Corporation, and THOMAS P. MCCAFFREY, )
an individual,                )
                              )
    Defendants.             )

## DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT AND FOR EXTENSION OF TIME TO ANSWER COUNTS I AND VI AND INCORPORATED MEMORANDUM OF LAW

Pursuant to Rule 12(b)(6), Fed. R. Civ. P., Defendants, B/E AEROSPACE, INC., a Delaware corporation ("B/E Aerospace"), and THOMAS P. MCCAFFREY ("McCaffrey"), an individual (collectively, "Defendants"), by and through their undersigned counsel, hereby move to dismiss the Amended Complaint filed by Plaintiff JEFFREY HOLTZMAN ("Holtzman"), and for an enlargement of time to answer as to Counts I and VI, and in support thereof state as follows:

1.    Holtzman originally commenced this action in the Fifteenth Judicial Circuit in and for Palm Beach County, Florida. After Defendants filed a Motion to Dismiss asserting numerous pleading deficiencies, Holtzman filed an Amended Complaint alleging, among other things, a federal claim under the Family Medical Leave Act, 29 U.S.C. Section 2601 et seq. ("FMLA") in addition to previously alleged state law claims for breach of contract, negligent supervision, negligent retention, intentional infliction of emotional distress and defamation.

CASE NO.: 9:07-CV-80551-KAM

2.      As set forth below, Holtman's Amended Complaint must be dismissed because it does not correct the deficiencies present in his original Complaint.  Although this action arises out of a simple contractual employment dispute between Holtzman and his former employer, B/E Aerospace,  Holtzman alleges various tort claims which are without any legal or factual support. As was the case with the original Complaint, Holtzman fails to state a proper claim, and the Amended Complaint should accordingly be dismissed.

3.      According to the Amended Complaint, Holtzman began his employment with B/E Aerospace in June of 1993 as Treasurer, and was later promoted to the position of Vice-President of Finance and Treasurer.  Amended Complaint, ¶ 6.

4.      Thereafter, the parties entered into an employment agreement (the "Employment Agreement") on or about September 1, 1997.  Amended Complaint, ¶ 7, and attached, in part, to the Amended Complaint as Exhibit "1".   The Employment Agreement governed the terms and conditions of Holtzman's employment, including the termination thereof.

5.      The Amended Complaint further alleges that McCaffrey, Chief Financial Officer, was Holtzman's direct supervisor, and that Holtzman's employment was allegedly terminated on April 17, 2007 after working under McCaffrey for *fourteen (14) years* "as a result of [McCaffrey's] personal vendetta against Holtzman." Amended Complaint, ¶¶13 and 14.

6.      As a consequence of the alleged termination of the contractual relationship, the Amended Complaint purports to allege causes of action against B/E Aerospace for breach of the Employment Agreement (Count I), negligent supervision and retention of McCaffrey (Counts II and III), and a federal claim under FMLA (Count VI).  In addition to these claims, the Amended Complaint also alleges claims for intentional infliction of emotional distress (Count IV) and defamation (Count V) against both Defendants.

CASE NO.: 9:07-CV-80551-KAM

7. As more fully set forth below, the Amended Complaint must be dismissed for several reasons since Holtzman has failed to: (a) state a cause of action for intentional infliction of emotional distress; and (b) set forth with sufficient particularity the alleged "defamatory" statement(s) or even specify the alleged "third parties" to whom the statement(s) was/were made. Additionally, because the tort claims are not independent of the contractual claims, such claims are barred by Florida's Economic Loss Rule. For these reasons, the Amended Complaint should accordingly be dismissed.

## MEMORANDUM OF LAW

### I.   STANDARD OF REVIEW

In ruling on a motion to dismiss, the court should not dismiss a complaint unless it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 56-46 (1957). In considering a motion to dismiss, the court must take all material allegations of the complaint as true and liberally construe those allegations in favor of the plaintiff. *Stephens v. Dep't of Health and Human Resources*, 901 F.2d 1571, 1573 (11th Cir. 1990).

However, a plaintiff may not merely "label" claims to survive a motion to dismiss. *Blumel v. Mylander,* 919 F.Supp. 423, 425 (M.D. Fla. 1996). When, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action, the Complaint should be dismissed. *Olmsted v. Don Defosset et al.,* 205 F.Supp.2d 1316 (M.D. Fla. 2002).

CASE NO.: 9:07-CV-80551-KAM

## II. COUNT IV FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS MUST BE DISMISSED FOR FAILURE TO STATE A CAUSE OF ACTION

In Count IV, Holtzman attempts to bring a claim for intentional infliction of emotional distress against his former employer and direct supervisor in connection with a single incident that allegedly occurred when Holtzman was employed by B/E Aerospace and was reporting to McCaffrey. As indicated, Holtzman's claim is based solely upon verbal, non-physical conduct, resulting from a *single* alleged verbal dispute with his supervisor. The frivolity of this claim is evidenced by the fact that it not only arises in the context of an employment relationship, but is based solely upon certain alleged -- but unspecified -- "conduct" by McCaffrey which is limited to verbal non-physical conduct.

Holtzman, a fourteen-year employee, alleges that a dispute occurred during his last year of employment, on March 28, 2007, in which McCaffrey allegedly criticized Holtzman in front of other employees and later in private in Holtzman's office. Amended Complaint, ¶74. To bolster his claim, Holtzman alleges that following this verbal dispute, Holtzman went to the hospital for unspecified "extensive medical testing." *Id.* These allegations of a single verbal dispute between an employer and employee over a fourteen (14) year employment career simply do not rise to the level of intentional infliction of emotional distress under well established Florida law.

In this regard, it is well settled that "Florida courts have been reluctant to find claims for intentional infliction of emotional distress based solely on allegations of verbal abuse." *De La Campa v. Grifols America, Inc.*, 819 So. 2d 940, 943-44 (Fla. 3d DCA 2002). This issue can -- and often times is -- resolved at the motion to dismiss stage because "[w]hat constitutes outrageous conduct is a question for the trial court to determine as a matter of law." *Id.*

FTL 106801338v1 6/26/2007

4

CASE NO.: 9:07-CV-80551-KAM

As a matter of law, the allegations in the Amended Complaint simply do not rise to the level of an actionable tort for intentional infliction of emotional distress, especially within the employment context. *See, e.g., Byrd v. BT Foods, Inc.*, 948 So. 2d 921 (Fla. 4th DCA 2007) (teasing by employee of having HIV did not rise to the level of outrageous conduct required to sustain the tort of intentional infliction of emotional distress); *Williams v. Worldwide Flight Svcs. Inc.*, 877 So. 2d 869 (Fla 3d DCA 2004) (repeated racial slurs by employer, accusations of "stealing" and instructions to "create a record" of false disciplinary related incidents to justify employee's termination did not rise to the level of outrageous conduct required to sustain the tort of intentional infliction of emotional distress); *Ponton v. Scarfone,* 468 So.2d 1009 (Fla. 2d DCA 1985) (statements made to induce employee to join sexual liaison did not establish intentional infliction of emotional distress); *Lay v. Roux Laboratories,* 379 So.2d 451 (Fla. 1st DCA 1980) (threatening plaintiff with job loss, using humiliating language, vicious verbal attacks and racial epithets deemed insufficient to serve as predicate for claim of intentional infliction of emotional distress); *Gandy v. Trans World Computer Technology Group*, 787 So. 2d 116 (Fla. 2d DCA 2001) (former employer's and its agent's alleged conduct in promising former employee permanent employment as a manager to create a division within the company with the intention of forcing the former employee to quit after the division was created was not so outrageous as to support a claim for intentional infliction of emotional distress). An identical result is warranted here.

While the Amended Complaint describes generally an allegedly "intimidating" management style by McCaffrey, there are no specific allegations whatsoever regarding McCaffrey's purported conduct towards Holtzman. He describes a decline in his working relationship during the last year of his fourteen-year tenure with McCaffrey, and states that

CASE NO.: 9:07-CV-80551-KAM

McCaffrey "screamed" at him and argued with him. Amended Complaint, ¶¶ 25, 26, 31 and 74. However, Holtzman fails to assert any specific conduct by McCaffrey with regard to Holtzman that would rise to the level of outrageous conduct necessary to sustain a claim. Indeed, the conduct that has been alleged in this action--a single argument between a supervisor and his subordinate--does not come close to what Florida Courts have already deemed (at the motion to dismiss stage) to be the applicable standard of outrageous and egregious conduct necessary to sustain a claim for intentional infliction of emotional distress.

Moreover, if mere disagreements between a supervisor and a subordinate could give rise to a cause of action for intentional infliction of emotional distress, the floodgates to litigation would burst open with suits from disgruntled workers against their bosses. Such a result would contradict the clear legal standard adopted by Florida courts as set forth in the cases cited above. Therefore, since Holtzman has failed to set forth any conduct, let alone outrageous conduct, that could even remotely sustain the tort of intentional infliction of emotional distress, Count IV must be dismissed as to both Defendants.

Further, even if the conduct alleged was sufficient to state a claim, which it clearly is not, B/E Aerospace is not alleged to have engaged in *any* tortious conduct at all, nor are there any allegations that B/E Aerospace authorized any such intentional conduct in the scope and course of McCaffrey's employment. Accordingly, Count IV is also subject to dismissal as to B/E Aerospace on that additional ground.

CASE NO.: 9:07-CV-80551-KAM

### III. COUNT V FOR DEFAMATION MUST BE DISMISSED BECAUSE THE AMENDED COMPLAINT FAILS TO SET FORTH THE ALLEGED DEFAMATORY STATEMENTS WITH THE REQUISITE PARTICULARITY AND FAILS TO IDENTIFY THE ALLEGED "THIRD PARTIES" TO WHOM SUCH STATEMENTS WERE MADE

To state a claim for defamation, Holtzman must set forth in the Amended Complaint, among other things, "the substance of the spoken words with sufficient particularity to enable the court to determine whether the publication was defamatory." *Razner v. Wellington Regional Medical Center, Inc.*, 837 So. 2d 437, 442 (Fla. 4th DCA 2002). Moreover, Holtzman must "specifically identify the persons to whom the allegedly defamatory comments were made." *Jackson v. North Broward County Hospital District*, 766 So. 2d 256 (Fla. 4th DCA 2000). Holtzman's Complaint fails in both respects.

He does not set forth the alleged spoken words with any level of particularity thereby preventing this Court from determining whether the alleged "publication" was indeed defamatory. He speaks generally about an argument between himself and McCaffrey, and about comments allegedly made by McCaffrey about *other* employees, but does not identify any specific defamatory comments made by McCaffrey *about Holtzman*. He relies on conclusory assertions regarding Holtzman's performance while employed at B/E Aerospace.

However, under Florida law, statements made by an employer regarding his or her employee's performance are conditionally privileged and enjoy a qualified level of protection from defamation claims. *Nadar v. Galbreath*, 462 So. 2d 803 (Fla. 1984). "In those instances where there is a qualified privilege to make statements potentially damaging to another, a plaintiff must prove express malice or malice in fact in order to recover." *McCurdy v. J.C. Collis,* 508 So. 2d 380, 382 (Fla. 1st DCA 1987). Here, Holtzman admits that the alleged statements were made by McCaffrey who, according to Holtzman, was his direct supervisor.

CASE NO.: 9:07-CV-80551-KAM

Yet, Holtzman fails to allege, as he must to overcome this qualified privilege, that McCaffrey made these statements with "express malice."

Equally important, Holtzman completely fails to identify the person or persons to whom the allegedly defamatory comments were made other than to state generally that statements were made to "one or more individuals" or "third parties". Having failed to do so, Count V must be dismissed for failure to state a cause of action.

In addition, Holtzman does not allege that B/E Aerospace made a single defamatory statement, or that said statements were authorized by B/E Aerospace in the scope and course of McCaffrey's employment. Accordingly, Count V must be also dismissed as to B/E Aerospace for this additional ground.

### IV.  HOLTZMAN'S TORT CLAIMS ARE BARRED BY THE ECONOMIC LOSS RULE

Florida has adopted the Economic Loss Rule which provides that "contract principles are more appropriate than tort principles for resolving economic losses without accompanying physical injury to property other than that which is the subject matter of the contract." *Medalie v. FSC Securities,* 87 F.Supp.2d 1295, 1299-1300 (S.D. Fla. 200); *see also, Eye Care International v. Long Hill*, 92 F.Supp.2d 1310, 1315 (M.D. Fla. 2000)("Where the facts surrounding a breach of contract action are indistinguishable from an alleged tort, and where the alleged tort does not cause harm distinct from that caused by the breach of contract, a plaintiff is barred from bringing a separate tort action." ).

Here, all of the asserted conduct alleged in the Amended Complaint are matters that pertain to and arise out of Holtzman's employment for which he seeks contractual, and other unspecified damages. However, Holtzman fails to allege how, if at all, the tort claims differ in any respect from the contractual claims. Since all of the alleged injuries are purely economic

CASE NO.: 9:07-CV-80551-KAM

damages allegedly suffered by Holtzman, and are part and parcel of the claim for breach of the Employment Agreement, Counts II, III, IV and V should be dismissed. *Behrman v. Allstate,* 388 F.Supp.2d 1346 (S.D. Fla. 2005)(negligent hiring and supervision claims barred by economic loss rule).

Further, to the extent Holtzman tries to avoid the Economic Loss Rule by alleging emotional distress damages for his negligence claims, they are barred by the "impact" rule. In this regard, Florida law provides that "before a plaintiff can recover damages for emotional distress caused by the negligence of another, the emotional distress suffered must flow from physical injuries the plaintiff sustained in an impact." *See Southern Baptist Hosp. of Fla. v. Welker,* 908 So.2d 317 (Fla.2005) (quoting *R.J. v. Humana of Florida, Inc.,* 652 So.2d 360, 362 (Fla.1995)(" [T]he underlying basis for the rule is that allowing recovery for injuries resulting from purely emotional distress would open the floodgates for fictitious or speculative claims.").

Here, Holtzman alleges that he suffered emotional distress damages in connection with his claims for negligent supervision and negligent retention. Amended Complaint at ¶¶ 61, and 69.  He relies entirely upon allegations of non-physical, verbal conduct in support of these claims.  Since he fails to allege any physical impact, such non-economic damages are barred by the "impact "rule. *See Miami-Dade County v. Cardoso*, 922 So.2d 301 (3rd DCA 2006) (emotional distress damages for negligent supervision and hiring are barred) .  Consequently, Holtzman's tort  claims  should be dismissed.

### V.   MOTION FOR EXTENSION OF TIME TO ANSWER COUNTS I AND VI

Defendants move for an extension of time of ten (10) days after the Court enters an Order on their Motion to Dismiss to file their answer to Counts I and VI of the Complaint.  Among

CASE NO.: 9:07-CV-80551-KAM

other things, this will avoid multiple answers being filed by the Defendants to a single Complaint.

WHEREFORE, Defendants B/E AEROSPACE, INC. and THOMAS P. MCCAFFREY hereby respectfully request the entry of an order dismissing Counts II, III, IV and V of , and for an extension of time to answer Counts I and VI of  Holtzman's Amended Complaint, together with such other and further relief as this Court deems appropriate.

Respectfully submitted,

GREENBERG TRAURIG, P.A.
Attorneys for Defendants
401 East Las Olas Boulevard, Suite 2000
Fort Lauderdale, Florida  33301
Telephone:  (954) 765-0500
Facsimile:  (954) 765-1477


By:     s/Michele L. Stocker
MICHELE L. STOCKER
Florida Bar Number  0044105
AVI BENAYOUN
Florida Bar No. 0151696

CASE NO.: 9:07-CV-80551-KAM

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by facsimile and U.S. Mail this 26th day of June 2007 upon: **Steven L. Schwarzberg, Esq. and Kerry A. Raleigh, Esq.**, Schwarzberg, Spector, Duke & Rogers, 222 Lakeview Avenue, Esperante - Suite 210, West Palm Beach, Florida  33401.

                                                                               s/Michele L. Stocker
                                                                               MICHELE L. STOCKER