UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
NO. 07-80551-CIV-MARRA/JOHNSON

JEFFREY HOLTZMAN,

      Plaintiff,

v.

B/E AEROSPACE, INC., a Delaware
corporation, and THOMAS P.
McCAFFREY, individually,

      Defendants.

_____/

## OPINION AND ORDER

THIS CAUSE is before the Court on Plaintiff Jeffrey Holtzman's Motion to Remand

Supplemental State Law Claims, filed July 11, 2007 (DE 7).  Defendant responded on July 30,

2007 (DE 14), and Plaintiff subsequently filed a reply (DE 20).  The motion is now fully briefed

and is ripe for review.  The Court has carefully considered the motion and is otherwise fully

advised in the premises.

## Background

The facts, as taken from the allegations in the Complaint, are as follows: Plaintiff began

his employment with BE Aerospace, Inc. ("BEA") in June 1993 when he was hired as the

company Treasurer.  (Compl. ¶ 6.)  In 1997, Plaintiff entered into an employment agreement with

BEA, under which Plaintiff would perform services for a period of one year.  (Compl. ¶¶ 7, 9.)

The contract automatically renewed each year until either Plaintiff or BEA gave the other written

notice of non-renewal.  (Compl. ¶ 9.)  The agreement also stipulated that BEA, upon notice of

non-renewal, could exercise its option either to keep Plaintiff as a paid consultant for one year or

pay his base compensation for one year or until he found new employment.  (Compl. ¶ 10.)

Plaintiff was fired on April 17, 2007, without written notice by McCaffrey, BEA's chief

financial officer.  (Compl. ¶¶ 12-14.)  McCaffrey "used a variety of devious means to harass,

intimidate, browbeat, undermine, humiliate, belittle, disorient and break" down employees and

employee morale.  (Compl. ¶ 17.)  In Plaintiff's last year of employment, "McCaffrey utilized

various unprofessional and mean-spirited tactics" to create a hostile work environment.  (Compl.

¶ 26.)  BEA officials agreed that McCaffrey's management skills were "offensive and

inappropriate," but they took no steps to control McCaffrey's behavior.  (Compl. ¶¶ 28-29.)

McCaffrey's behavior towards Plaintiff caused Plaintiff to suffer "a spike in blood pressure so

severe that it felt to him that he was suffering a heart attack."  (Compl. ¶ 32.)  Plaintiff was kept

in the hospital for two days for observation after this incident.  (Compl. ¶ 33.)  Plaintiff

subsequently requested and was granted leave under the Family Medical Leave Act ("FMLA") to

"recuperate from the severe condition he was experiencing."  (Compl. ¶¶ 35-37.)  Plaintiff was

also granted short-term disability benefits.  (Compl. ¶ 38.)

McCaffrey allegedly had other plans for Plaintiff.  He stated that he would not allow

Plaintiff to return to his position at BEA and that he would make sure BEA did not pay out on the

employment contract.  (Compl. ¶ 41.)  McCaffrey forged a resignation letter, ostensibly written

by Plaintiff, antedated the day that Plaintiff was taken to the hospital, March 28, 2007.  (Compl. ¶

42.)  McCaffrey also caused BEA to void the FMLA leave that Plaintiff had been granted.

(Compl. ¶ 42.)  The purpose of these acts was to "make it appear that [Plaintiff] had 'resigned,'

so that [Plaintiff] would be denied rightful benefits under his [employment] Agreement."

(Compl. ¶ 43.)  On April 17, 2007, Plaintiff attempted to return to work, but he was prevented from returning to his office.  (Compl. ¶ 45.)

Plaintiff has brought several common law claims against both BEA and McCaffrey under Florida law: breach of contract, negligent supervision, negligent retention, defamation, and intentional infliction of emotional distress[1].  Plaintiff has also brought a claim for retaliation under the Family Medical Leave Act.

Defendant filed its Notice of Removal from the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, on June 25, 2007.  (DE 1.)  Plaintiff subsequently filed a motion with this Court to remand all claims except the FMLA claim to the Florida court.  Plaintiff asks the Court to use its discretion under 28 U.S.C. § 1441(c) to remand these claims, because they are "separate and independent" from the federal FMLA claim.  (Pl. Mot. 4.)  Defendant's response rests on the argument that Plaintiff's claims are not "separate and independent," so the Court can only remand the case if it determines that supplemental jurisdiction under 28 U.S.C. § 1367(c) over the state law claims is inappropriate.  (Def. Mem. 4, 8.)

### Discussion

Pursuant to 28 U.S.C. § 1441(c), "[w]henever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in

---

[1]Plaintiff's claim of intentional infliction of emotional distress was dismissed without prejudice by this Court's Order of August 1, 2007.  (DE 17.)

which State law predominates."  28 U.S.C. § 1441(c).  Pursuant to 28 U.S.C. § 1441(c), a district

court has discretion to remand less than all of the claims in a removed case when the remanded

claim(s) are (1) separate and independent; (2) joined with a federal question; (3) otherwise non-

removable; and (4) a matter in which state law predominates.  Eastus v. Blue Bell Creameries,

L.P., 97 F.3d 100, 104 (5th Cir. 1996).

      In this case, it is not disputed that Plaintiff's state law claims are joined with a federal

question, i.e., his FMLA retaliation claim.  Similarly, the parties do not dispute that Plaintiff's

common law claims of breach of contract, negligent supervision, negligent retention, and

defamation raise only issues of state law and would otherwise be non-removable.  The central

dispute here is whether the FMLA claim is "separate and independent" from the state law claims,

justifying invocation of this Court's discretion under § 1441(c).

      The "separate and independent" requirement was aptly explained by the Fifth Circuit

Court of Appeals in the Eastus case.  Id. at 104-05.  In that case, one of the issues on appeal was

whether a tortious interference with prospective contractual relations claim was "separate and

independent" from a claim alleging a violation of the Family and Medical Leave Act, 29 U.S.C. §

2615(b)  ("FMLA").  Id. at 105.  The plaintiff was a male employee whose employment was

terminated after he asked his employer for leave in anticipation of the birth of his child.  Id. at

102.  In addition to the FMLA claim, the plaintiff brought a claim for intentional infliction of

emotional distress related to the termination.  Id. at 102-03.  The plaintiff also brought a claim for

tortious interference with prospective contractual relations as a result of allegedly false

statements that his former employer made to the plaintiff's prospective employers.  Id. at 103.

The Eastus court held that the FMLA and intentional infliction of emotional distress claims were

not separate and independent because they arose from a single wrong, i.e., the termination, and the claims were simply different theories of recovery.  Id. at 105.  The court found, on the other hand, that the tortious interference claim bore little relationship to the FMLA claim.  Id.  The court stated that, with respect to the tortious interference claim, the wrong that the employee suffered  was the failure to obtain new employment, not the earlier discharge.  Id.  Furthermore, the court found that proof of the two counts would not involve substantially the same facts.  Id.; see also Borough of West Mifflin v. Lancaster, 45 F.3d 780, 786 (3d Cir. 1985) (holding that remand under § 1441(c) is inappropriate where all counts in a complaint rely on the same set of facts because the "federal claims were not separate and independent").  For these reasons, the Eastus court found that the FMLA and tortious interference claims were separate and independent under § 1441(c), and therefore that the district court's remand of the tortious interference claim was not erroneous.  Id. at 106-07.

In this case, Plaintiff's claims for negligent hiring, negligent retention, and defamation might be said to represent a different "wrong" from the FMLA claim, because those causes of action involve McCaffrey's treatment of Plaintiff on-the-job, not Plaintiff's termination.  On the other hand, Plaintiff's breach of contract claim is inextricably linked to the circumstances surrounding Plaintiff's termination, which leads the Court to conclude that at least one of Plaintiff's state law claims is not "separate and independent."

However, the Court cannot conclude that proof of the Plaintiff's FMLA claim would involve different facts from those facts needed to prove the negligent hiring, negligent retention, and defamation claims.  An FMLA retaliation claim requires proof of the employer's intent to retaliate.  When a plaintiff alleges an FMLA retaliation claim without direct evidence of the

5

employer's retaliatory intent, the Court applies the burden shifting framework articulated by the

Supreme Court for Title VII discrimination cases in McDonnell Douglas v. Green, 411 U.S. 792

(1973).  Hurlbert v. St. Mary's Health Care System, 439 F.3d 1286, 1297 (11th Cir. 2006).  The

Eleventh Circuit explained the parties' respective burdens of production in Smith v. BellSouth

Telecommunications, Inc.:

> To establish a prima facie case of retaliation, a plaintiff must show that he
> engaged in statutorily protected conduct, he suffered adverse action, and there is
> a causal connection between the protected conduct and the adverse action.  If the
> plaintiff makes out a prima facie case, the burden shifts to the defendant to
> articulate a legitimate reason for the adverse action.  If the defendant does so,
> the plaintiff must show the defendant's proffered reason for the adverse action is
> pretextual.  Smith v. BellSouth Telecommunications, Inc., 273 F.3d 1303, 1314
> (11th Cir. 2001).

Once a plaintiff has made out a prima facie case, the defendant must only *produce* admissible

evidence of a legitimate reason for the discharge; defendant need not *persuade* the Court of the

legitimacy of its proffered justification.  Reeves v. Sanderson Plumbing Products, Inc., 530 U.S.

133, 142 (2000) (stating that the "burden is one of production, not persuasion; it 'can involve no

credibility assessment'" in an Age Discrimination in Employment Act case).  The burden then

shifts back to Plaintiff to demonstrate that such evidence is pretextual.  To show pretext, a

plaintiff need not produce additional, independent evidence of discrimination; a plaintiff can

meet her burden on summary judgment by attacking the credibility of the defendant's proffered

reason for termination and showing that reason to be false.  Reeves, 530 U.S. at 148-49.

Evidence of the employer's pretext may include temporal proximity between the assertion of

FMLA rights and termination, the employer's "failure to articulate clearly and consistently the

reason for an employee's discharge," and an "employer's deviation from its own standard

procedures." Hurlbert, 1298-99.

The Court believes that the evidence Plaintiff will use to prove its state law claims will also be probative on the FMLA retaliation claim. To show a causal connection between Plaintiff's discharge and his exercise of FMLA rights and to show that Defendant's proffered justification for the discharge is pretextual, Plaintiff will have to present evidence of regarding his workplace environment, his interactions with other employees, and the motives of the supervisor in reaching the decision to terminate Plaintiff's employment. In other words, following the reasoning in Borough of West Mifflin and Eastus, all the claims will require proof of the same facts, so they are not "separate and independent" claims justifying remand to the Florida trial court. Where the state law claims are not separate and independent from the federal question claims, remand is inappropriate. In re City of Mobile, 75 F.3d 605, 608 (11th Cir. 1996).

Even if the claims are "separate and independent," the Court declines to exercise its discretion to remand the state law claims under § 1441(c) for the same reasons. Notably, Plaintiff does not ask this Court to remand *all* of the claims (including the FMLA claim) to the state court. Instead, Plaintiff asks this Court to remand only *some* of the claims, thus leading to the prospect of parallel proceedings in both federal and state court. This situation is wasteful of judicial resources, especially given the high likelihood that the Plaintiff will present the same evidence to prove its case in both proceedings. Since this Court can properly exercise jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367,[2] the Court sees no reason to

---

[2]Like § 1441(c), the Court's power to decline supplemental jurisdiction under § 1367(c) is also discretionary: "The district courts *may* decline to exercise supplemental jurisdiction over a claim . . ." if certain conditions are met. 28 U.S.C. § 1367(c). While Plaintiff's motion contains

remand Plaintiff's state law claims.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Motion to

Remand Supplemental State Law Claims (DE 7) is **DENIED**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County,

Florida, this 13th day of November, 2007.

                                  _____

                                  KENNETH A. MARRA
                                  United States District Judge

Copies furnished to:
All counsel of record

---

a section discussing the fact that the state law claims "substantially predominate" over the FMLA claim for purposes of § 1441(c), the Court also would reach the same result had Plaintiff brought his motion to remand under § 1367(c).  Because the state law claims involve many of the same issues of fact that will be presented as part of the federal question claim, the Court cannot conclude that the state law claims "substantially predominate" over the FMLA claim.  Even if the Court concluded that the state law claim "substantially predominated" over the federal question claim allowing application of § 1367(c)(2), the Court would decline to use this discretionary authority in this case.