UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

JEFFREY HOLTZMAN,   )
  )
    Plaintiff,   )
  )
vs.   )   **CASE NO.: 9:07-CV-80551-KAM**
  )
B/E AEROSPACE, INC., a Delaware   )
Corporation, and THOMAS P. MCCAFFREY,)
an individual,   )
  )
    Defendants.   )

## DEFENDANTS' REPLY TO PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

Defendants, B/E AEROSPACE, INC., a Delaware corporation ("B/E Aerospace"), and

THOMAS P. MCCAFFREY ("McCaffrey"), an individual (collectively, "Defendants"), by and

through their undersigned counsel, file their Reply to Plaintiff JEFFREY HOLTZMAN's

("Holtzman") Memorandum of Law in Opposition to Defendants' Motion to Dismiss, and in

support thereof state as follows:

## I.   SUMMARY OF REPLY

In support of Plaintiff's continuing efforts to convert his breach of contract claim into an

array of tort claims, Plaintiff relies upon case law that simply does not apply to the facts pled in

the Amended Complaint. Plaintiff's chief complaint is that he was wrongfully terminated

"without cause and without notice" after "14 years" of "exemplary" employment. *See* Amended

Complaint ¶¶11 and 46. The Employment Agreement attached as Exhibit "1" to the Amended

Complaint deals squarely with the issue of termination without cause and provides a specific

bargained-for remedy when that situation arises. If the facts alleged in the Amended Complaint

are taken as true, then Plaintiff's purported tort actions are barred by the economic loss rule requiring no further inquiry into the glaring pleading deficiencies present in the Amended Complaint.   Indeed, as argued below, Plaintiff's tort actions -- under the facts alleged in Plaintiff's Amended Complaint -- are precisely the type of claims that the economic loss rule was intended to bar.

In the event Plaintiff is permitted to assert tort claims in the face of the contract that exists between the parties, Plaintiff's purported cause of action for defamation should be dismissed for failing to meet the minimum pleading requirements.   Among other things, the language referenced in Plaintiff's Memorandum of Law does not set forth the defamatory words with the required specificity.   As argued below, the case law that Plaintiff cites to circumvent this pleading requirement does not apply to the facts alleged in the Amended Complaint.   Plaintiff also fails to sufficiently plead the required publication to state a cause of action for defamation. Plaintiff's defamation claim must therefore be dismissed for failing to meet the minimum pleading requirements to assert such a claim.

## II.   ARGUMENT

### A.   THE ECONOMIC LOSS RULE BARS PLAINTIFF'S TORT CLAIMS

Plaintiff admits, as he must, that the economic loss rule "prohibits a party from circumventing contractual remedies and obtain a better bargain than that for which was contracted by asserting claims for economic loss in tort."  Plaintiff's Memorandum of Law, p. 9, *citing Indemnity Insurance Company of North America v. American Arbitration, Inc.*, 891 So. 2d 532, 536 (Fla. 2004).  This is precisely what Plaintiff is attempting to do in this case.  Plaintiff claims that because he was not terminated "for cause", he is entitled to sue for breach of the Employment Agreement and recover the severance benefits specified therein.

Taking the facts alleged in Plaintiff's Amended Complaint as true, Plaintiff was allegedly wrongfully terminated from his fourteen year employment with Defendant B/E Aerospace. (Amended Complaint ¶¶12 and 46). Plaintiff was bound by an Employment Agreement which *contractually* entitled Plaintiff to receive certain severance benefits in the event that he was terminated without cause. (Amended Complaint ¶¶7, 10 and Exhibit "1"). Defendant B/E Aerospace allegedly breached the Employment Agreement because Plaintiff was terminated without cause and failed to pay Plaintiff the specified severance (Count I).

The sole surviving tort underlying each of Plaintiff's non-contractual claims is defamation.[1] Plaintiff's defamation claim (Count V) and related negligent supervision (Count II) and negligent retention (Count III) claims are barred by the economic loss rule because every single alleged defamatory statement is nothing more than an articulated ground supporting Plaintiff's "for cause" termination. Although pled vaguely, the alleged defamatory statements contained in the Amended Complaint are as follows:

- "Hotlzman resigned without notice";

- "[Holtzman] mishandled an assignment involving the company's 401(k) plan";

- "[Holtzman] was supposedly doing a terrible job with collections"; and

- "[Holtzman] was incompetent."

Amended Complaint, ¶81.

Taken as true, all of the above statements are grounds articulated for Plaintiff's alleged termination. If a defamation action were permitted under these circumstances, then that would mean that an employer would effectively be barred from articulating the grounds for termination,

---

[1] Plaintiff voluntarily dismissed its cause of action for intentional infliction of emotional distress (Count IV). Plaintiff's remaining tort actions are for defamation (Count V), negligent supervision (Count II), and negligent retention (Count III).

whether it be for poor performance, refusal to perform, resignation, or otherwise. This would be particularly problematic where, as here, an employment agreement between the parties *requires* the employer to articulate the grounds of a "for cause" termination. Indeed, the Employment Agreement in this case specifically states as follows:

> The Company may terminate the Executive's employment hereunder for "cause." For purposes of this Agreement, "cause" shall mean (i) *the Employee's material failure, refusal or neglect to perform and discharge his duties and responsibilities hereunder* (including duties prescribed by the President pursuant to Section 2), other material breaches of the terms hereof, or breach of any fiduciary duties he may have because of any position he holds with the Company or any subsidiary or affiliate thereof....

Employment Agreement, ¶4(d). (Emphasis added.)

Every single one of the alleged "defamatory statements" in Plaintiff's Amended Complaint relate to Plaintiff's "material failure, refusal or neglect to perform and discharge his duties..." If, as Plaintiff contends, Defendants are prohibited from commenting on Plaintiff's performance when engaging in a "for cause" termination, Defendants' own performance under the Employment Agreement would be frustrated. Clearly, Plaintiff's desired result is nonsensical. The fact is that Plaintiff has a specific bargained-for remedy for his alleged termination. That remedy is contained within the four corners of the Employment Agreement rather than under a tort theory. Simply put, Plaintiff should not be permitted to convert the grounds articulated for a "for cause" termination into a tort.

Despite Plaintiff's effort, the cases that Plaintiff cites cannot be manipulated to apply to the facts Plaintiff has pled. *See American Express Travel Related Services Co., Inc. v. Symbiont Software Group, Inc.*, 837 So. 2d 434 (Fla. 3d DCA 2003) (case involved a negligent security claim where the issue of security was apparently not addressed in any of the agreements between the parties); *Liberti v. Walt Disney World Co.*, 912 F. Supp. 1494 (M.D. Fla. 1995) (negligent

supervision and negligent retention claims founded on alleged invasion of privacy of employees where invasion of privacy was not covered in employment agreements).

Unlike *American Express* and *Liberti*, Plaintiff's claim is founded upon an alleged wrongful termination. The alleged tortious conduct -- defamation -- arose specifically out of Plaintiff's termination. Plaintiff's termination is covered exclusively -- and extensively -- by the Employment Agreement. Nearly half of the Employment Agreement is devoted to addressing the issue of termination. Plaintiff now wishes to convert his alleged termination -- and the articulated grounds for such termination -- into a tort claim. This is clearly prohibited under Florida law.

In *American Express* the court expressly found that the claims pled were "totally independent of any contracts." Indeed, "[w]here the facts surrounding a breach of contract action are indistinguishable from an alleged tort, and where the alleged tort does not cause harm distinct from that caused by the breach of contract, a plaintiff is barred from bringing a separate tort action." *Eye Care International, Inc. v. Underhill*, 92 F. Supp. 2d 1310, 1315 (M.D. Fla. 2000). That is because "[a]n independent tort 'requires proof of facts separate and distinct from the breach of contract.'" *Id.*, quoting *HTP, Ltd. v. Lineas Aereas Costarricenses, S.A.*, 685 so. 2d 138, 140 (Fla. 1997).

Here, the claims pled are not "independent" from the Employment Agreement. Rather, they are inextricably intertwined with the parties' performance of the Employment Agreement. This is especially true with respect to the alleged defamatory statements which are nothing more than Defendants' articulation of Plaintiff's "for cause" termination. Plaintiff's attempt to convert Defendants' performance under the Employment Agreement -- *i.e.* articulation of the grounds of

CASE NO.: 9:07-CV-80551-KAM

a "for cause" termination -- into a tort claim should be rejected by this Court.[2]   Accordingly, Counts II, III and V of Plaintiff's Amended Complaint should be dismissed as barred under the economic loss rule.[3]

### B.   PLAINTIFF'S DEFAMATION CLAIM SHOULD BE DISMISSED FOR FAILING TO MEET THE MINIMUM PLEADING REQUIREMENTS TO SUPPORT SUCH A CLAIM

The parties are in agreement that to state a claim for defamation Plaintiff must plead "the substance of the spoken words with sufficient particularity to enable the court to determine whether the publication was defamatory." *See Razner v. Wellington Regional Medical Center, Inc.*, 837 So. 2d 437, 442 (Fla. 4th DCA 2002).   Plaintiff has failed to do so in the Amended Complaint.   Plaintiff instead makes generalized statements without any level of particularity. *See* Amended Complaint, ¶81.

The cases that Plaintiff cites do not support the position that Plaintiff pled the defamatory words with sufficient specificity. *See O'Rear v. American Family Life Assurance Company of Columbus, Inc.*, 784 F. Supp. 1561 (M.D. Fla. 1992) (plaintiff pled *direct quote* from allegedly defamatory letter); *Nowik v. Mazda Motors of America*, 523 So. 2d 769 (Fla. 1st DCA 1988) (plaintiff pled specific words used in alleged defamatory reference); *Litman v. Massachussetts Mutual life Insurance Company*, 739 F. 2d 1549 (11th Cir. 1984) (plaintiff pled exact words which were allegedly defamatory).   Unlike *O'Rear*, *Nowik* and *Litman* Plaintiff failed to plead

---

[2] Such a result would effectively convert every single "for cause" termination into a defamation claim.  Clearly, when a company terminates an employee "for cause" the reasons must be articulated to the employee as well as managerial and executive level employees.  In all likelihood, those reasons will center around the employee's poor job performance.  Here, there is not a single statement alleged in the Amended Complaint about Plaintiff that does not relate to Plaintiff's job performance, or lack thereof.

[3] Defendants also rest on the grounds set forth in their Motion to Dismiss that Plaintiff's tort claims are barred by Florida's impact rule.  In that regard, this Court should reject Plaintiff's attempt to urge this Court to disregard the holding of the Florida Supreme Court on that issue in *Southern Baptist Hosp. of Fla. v. Walker*, 908 So. 2d 317 (Fla. 2005).  Plaintiff has failed to cite binding authority to the contrary.

the words that were allegedly uttered.[4]  Having failed to state the alleged defamatory statements with any level of particularity, Count V of Plaintiff's Complaint should be dismissed.

In his Memorandum in Opposition, Plaintiff also erroneously argues that the Amended Complaint alleges publication to a third party.  "A defamatory statement does not become actionable…until it is published or communicated to a third person." *American Airlines, Inc. v. Geddes*, 960 So. 2d 830, 833 (Fla. 3d DCA 2007).  Generally, "statements made to corporate executive or managerial employees of [an] entity are, in effect, being made to the corporation itself, and thus lack the essential element of publication." *Id.*

Citing to paragraph 82 of the Amended Complaint, Plaintiff erroneously argues that the requisite publication has been pled because Plaintiff pled that the alleged false statements were made to "…the Chairman of BE Aerospace, Inc.'s Board of Directors, the President, the former Vice President of Human Resources, the General Counsel, and at least one executive assistant of BEA."  Plaintiff's Memorandum of Law, p. 4.  Clearly, with the possible exception of an unspecified "executive assistant", all of the foregoing are executive or managerial employees of B/E Aerospace.  Thus, any statements made to them are simply not actionable as a matter of law because any such statements are deemed to be made to the corporation itself.[5]  Likewise, Plaintiff's failure to identify the unspecified "executive assistant" to whom the allegedly defamatory statements were made, is fatal to Plaintiff's claim.  *See Jackson v. North Broward*

---

[4] Interestingly, Plaintiff *is able* to provide *direct quotes* of statements that McCaffrey allegedly made about other employees but is unable to do so as to the alleged statements that form the basis of his claim for defamation. *See* Amended Complaint, ¶18.

[5] The cases that Plaintiff cites do not contradict the holding of *American Airlines. See O'Rear*, at 1568 (statements made to <u>employees</u> of same company constitute publication); *Southern Bell Telephone & Telegraph Company v. Barnes*, 443 So. 2d 1085, 1086 (Fla. 3d DCA 1984) ("publication of slander can occur in intra-corporation communications").  Neither of these cases stand for the proposition that publication occurs through communications between executives or managerial level employees.

*County Hospital District*, 766 So. 2d 256 (Fla. 4th DCA 2000) (requiring plaintiff to "specifically identify the persons to whom the allegedly defamatory comments were made.")

Plaintiff has also failed to plead "express malice" necessary to circumvent the employer's privilege. Instead, Plaintiff relies upon the holding of *Nodar v. Galbreath*, 462 So. 2d 803, 809 (Fla. 1985) to claim that paragraph 83 of the Amended Complaint "conforms to the definition of malice." Plaintiff's Memorandum of Law, p. 7. Paragraph 83 of the Amended Complaint states that the defamatory statements were allegedly published "in an intentional effort to injure" Plaintiff. *Nodar*, however, states that "express malice" is present "where the *primary motive* for the statement is shown to have been an intention to injure the plaintiff." *Id.* (Emphasis added). Plaintiff has not, nor can he, allege that the *primary motive* for the alleged defamatory statements was to injure Plaintiff.

Accordingly, having failed to meet the minimum pleading requirements necessary to support a cause of action for defamation, Count V of Plaintiff's Amended Complaint should be dismissed.

### C. PLAINTIFF'S NEGLIGENT RETENTION AND NEGLIGENT SUPERVISION CLAIMS FAIL AS A RESULT OF PLAINTIFF'S FAILURE TO STATE A CAUSE OF ACTION FOR DEFAMATION

As set forth above, Plaintiff has voluntarily withdrawn his claim for intentional infliction of emotional distress. As such, the only remaining tort underlying Plaintiff's causes of action for negligent retention and negligent supervision is Plaintiff's claim for defamation.

Under Florida law, a claim in tort based upon negligent supervision or retention is inextricably bound to a cognizable tort. *Texas v. Skaggs, Inc., v. Joannides*, 372 So. 2d 985, 987 (Fla. 2d DCA 1979); *Merrick v. Radisson Hotels Intern., Inc.*, 2007 WL 1576361, *5 (M.D. Fla. 2007). Here, because Plaintiff's action for defamation fails, Plaintiff's claims for negligent

CASE NO.: 9:07-CV-80551-KAM

supervision and negligent retention also fail. *See American Airlines*, p. 834 ("The claim for negligent supervision was based on the alleged defamation; as we have found no actionable claim of defamation, this claim also fails."). Accordingly, to the extent that Count V for defamation is dismissed, Counts II and III for negligent retention and negligent supervision, respectively, must also be dismissed.

### III.    CONCLUSION

For the foregoing reasons, and the reasons set forth in Defendants' Motion to Dismiss, Counts II, III and V of Plaintiff's Amended Complaint should be dismissed.

Respectfully submitted,

GREENBERG TRAURIG, P.A.
Attorneys for Defendants
401 East Las Olas Boulevard, Suite 2000
Fort Lauderdale, Florida  33301
Telephone:  (954) 765-0500
Facsimile:  (954) 765-1477


By:     s/Michele L. Stocker
       MICHELE L. STOCKER
       Florida Bar Number  0044105
       AVI BENAYOUN
       Florida Bar No. 0151696

CASE NO.: 9:07-CV-80551-KAM

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 3rd day of  January 2008, I electronically filed a true and correct copy of the foregoing document using the CM/ECF system, and served a copy on, **Steven L. Schwarzberg, Esq. and Kerry A. Raleigh, Esq.**, Schwarzberg, Spector, Duke & Rogers, 222 Lakeview Avenue, Esperante - Suite 210, West Palm Beach, Florida  33401, counsel for Plaintiff, via transmission of a Notice of Electronic Filing Generated by CM/ECF.


s/Michele L. Stocker
MICHELE L. STOCKER