UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

NO. 07-80551-CIV-MARRA/JOHNSON

JEFFREY HOLTZMAN,

    Plaintiff,

v.

B/E AEROSPACE, INC., a Delaware
corporation, and THOMAS P.
MCCAFFREY, individually,

    Defendants.
_____/

**OPINION AND ORDER**

THIS CAUSE is before the Court on Defendants B/E Aerospace, Inc., and Thomas P. McCaffrey's Motion to Dismiss Plaintiff's Amended Complaint (DE 2) and Motion for Extension of Time to Answer Counts I and VI (DE 4). The motion is now fully briefed and is ripe for review. The Court has carefully considered the motion and is fully advised in the premises.

**Background**

On June 25, 2007, Defendants B/E Aerospace, Inc. and Thomas P. McCaffrey ("Defendants") removed the instant action from the Circuit Court for the Fifteenth Judicial Circuit in and for Palm Beach County, Florida. Plaintiff's Complaint now consists of five counts. Under Florida law, Plaintiff brings one count each for breach of contract, negligent retention, negligent supervision, defamation. Plaintiff also alleges one count of retaliation under the Family Medical Leave Act, 29 U.S.C. § 2601 *et seq.* Defendants move to dismiss the state

1

law counts for negligent retention, negligent supervision, and defamation.

The facts, as taken from the allegations in the Complaint, are as follows: Plaintiff began his employment with BE Aerospace, Inc. ("BEA") in June 1993 when he was hired as the company Treasurer. (Compl. ¶ 6.) In 1997, Plaintiff entered into an employment agreement with BEA, under which Plaintiff would perform services for a period of one year. (Compl. ¶¶ 7, 9.) The contract automatically renewed each year until either Plaintiff or BEA gave the other written notice of non-renewal. (Compl. ¶ 9.) The agreement also stipulated that BEA, upon notice of non-renewal, could exercise its option either to keep Plaintiff as a paid consultant for one year or pay his base compensation for one year or until he found new employment. (Compl. ¶ 10.)

Plaintiff was fired on April 17, 2007, without written notice by Thomas McCaffrey ("McCaffrey"), BEA's chief financial officer. (Compl. ¶¶ 12-14.) McCaffrey "used a variety of devious means to harass, intimidate, browbeat, undermine, humiliate, belittle, disorient and break" down employees and employee morale. (Compl. ¶ 17.) In Plaintiff's last year of employment, "McCaffrey utilized various unprofessional and mean-spirited tactics" to create a hostile work environment. (Compl. ¶ 26.) BEA officials agreed that McCaffrey's management skills were "offensive and inappropriate," but they took no steps to control McCaffrey's behavior. (Compl. ¶¶ 28-29.) McCaffrey's behavior towards Plaintiff caused Plaintiff to suffer "a spike in blood pressure so severe that it felt to him that he was suffering a heart attack." (Compl. ¶ 32.) Plaintiff was kept in the hospital for two days for observation after this incident. (Compl. ¶ 33.) Plaintiff subsequently requested and was granted leave under the Family Medical Leave Act ("FMLA") to "recuperate from the severe condition he was experiencing." (Compl. ¶¶ 35-37.) Plaintiff was also granted short-term disability benefits. (Compl. ¶ 38.)

McCaffrey allegedly stated that he would not allow Plaintiff to return to his position at BEA and that he would make sure BEA did not pay out on the employment contract. (Compl. ¶ 41.) Plaintiff then claims that McCaffrey forged a resignation letter, ostensibly written by Plaintiff, antedated March 28, 2007, the day Plaintiff was taken to the hospital. (Compl. ¶ 42.) McCaffrey also caused BEA to void the FMLA leave that Plaintiff had been granted. (Compl. ¶ 42.) The purpose of these acts was to "make it appear that [Plaintiff] had 'resigned,' so that [Plaintiff] would be denied rightful benefits under his [employment] Agreement." (Compl. ¶ 43.) On April 17, 2007, Plaintiff attempted to return to work, but he was prevented from returning to his office. (Compl. ¶ 45.)

## Standard of Review

Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." Fed. R. Civ. P. 8(a). Until the recent Supreme Court decision in *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007), courts routinely followed the rule that, "a complaint should not be dismissed for failure to a state claim unless it appears beyond a doubt that the plaintiff could prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Marsh v. Butler County*, 268 F.3d 1014, 1022 (11th Cir. 2001). In *Twombly*, the Supreme Court moved away from the *Conley v. Gibson* standard and held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to

relief above the speculative level." *Twombly*, 127 S. Ct. at 1964-65 (internal citations omitted). When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

## Discussion

### *Defamation Claim*

As an initial matter, the Court notes that Defendants in their brief argue that Plaintiff must state the substance of the spoken words with "sufficient particularity" and that the complaint must allege the identity of the persons to whom the defamatory comments were made. (Def. Mot. 7.) While pleading a defamation claim with a certain level of particularity may be required under Florida law, *see, e.g., Razner v. Wellington Regional Medical Center, Inc.*, 837 So. 2d 437, 442 (Fla. Dist. Ct. App. 2002), this requirement is procedural and not applicable in this Court. *See In re Prudential of Florida Leasing, Inc.*, 478 F.3d 1291, 1299 (11th Cir. 2007) ("State law ordinarily does not govern the procedure of federal courts."). Federal Rule of Civil Procedure 9(b) only requires specific pleading in limited circumstances, and a state law defamation claim is not one of those enumerated circumstances. Fed. R. Civ. P. 9(b). Thus, in federal court, a defamation claim can be pled generally, so long as it meets the requirements of Rule 8(a) and *Twombly*. *See Hatfill v. New York Times Co.*, 416 F.3d 320, 329-30 (4th Cir. 2005).

Under Florida law, to state a claim for defamation, a plaintiff must allege that 1) the defendant published a false statement, 2) about the plaintiff, 3) to a third party, and 4) that the falsity of the statement caused injury to the plaintiff. *Valencia v. Citibank International*, 728 So.

2d 330, 330 (Fla. Dist. Ct. App. 1999). In this case, Plaintiff has alleged that McCaffrey made multiple false statements about Plaintiff (e.g., regarding his resignation, his handling of assignments, and his competence), that McCaffrey made these statements to various individuals and corporate officers at BEA "who had no legitimate reason to be so informed," and that he suffered damages as a result. (Compl. ¶¶ 81-86.) On the face of the Complaint, Plaintiff appears to have alleged sufficient facts to state a cause of action for defamation.

Defendants counter first that Plaintiff's allegations are not sufficiently specific. However, as the Court has stated, federal courts do not require Plaintiff to allege his defamation claim with the same particularity as required in Florida courts. The factual allegations in the Complaint are sufficient to meet the requirements of Rule 8(a) and *Twombly* – Defendants clearly have notice of the basic facts and the crux of Plaintiff's grievances. Dismissal of the action on this ground is unwarranted.

Defendants then argue that McCaffrey's statements were protected by a qualified privilege. Defendant cites *Nodar v. Galbreath*, 462 So. 2d 803, 809 (Fla. 1984), for the proposition that statements made by an employer regarding an employee's job performance are privileged.[1] While the Court accepts that such a qualified privilege exists for statements made by an employer about a subordinate, *see John Hancock Mutual Life Insurance Co. v. Zalay*, 581 So. 2d 178, 179 (Fla. Dist. Ct. App. 1991), this privilege only exists when five specific elements are met: 1) the statement was made in good faith; 2) the speaker had a duty to speak or an interest in

---

[1]Defendants misrepresent the holding in *Nodar*. In that case, the Florida Supreme Court held that "a communication *to an employer* regarding his employee's performance is conditionally privileged." *Nodar*, 462 So. 2d at 809. That court expressed no opinion on statements made *by the employer* about an employee.

the subject matter of the statement; 3) the listener had a duty or an interest in receiving this information; 4) the statement was made on a proper occasion; and 5) the statement was published in a proper manner. *American Ideal Management, Inc. v. Dale Village, Inc.*, 567 So. 2d 497, 499 (Fla. Dist. Ct. App. 1990).

When presented with an affirmative defense in a motion to dismiss, a court can only dismiss a complaint under Rule 12(b)(6) "when its allegations – on their face – show that an affirmative defense bars recovery on the claim." *Marsh v. Butler County*, 268 F. 3d 1014, 1022 (11th Cir. 2001). In this case, the Court cannot conclude that the Complaint on its face is defeated by the qualified privilege. Plaintiff has alleged that none of the individuals to whom McCaffrey made false statements about Plaintiff had a "legitimate reason to be so informed or receive such misinformation." (Compl. ¶ 82.) Accepting this allegation as true, the privilege would not apply. Further, the qualified privilege does not apply when a defendant makes the false statement with "express malice," in other words, where the statement is made with "an intention to injure the plaintiff." *Nodar*, 462 So. 2d at 806, 810. Plaintiff pled that "McCaffrey published these defamatory statements in an intentional effort to injure Holtzman." (Compl. ¶ 83.) As Plaintiff pled express malice, the privilege would not apply to the facts as alleged on the face of the Complaint.

Finally, Defendants dispute Plaintiff's claim of defamation against BEA. However, "[i]t is well settled in Florida, as elsewhere, that a corporation, just as an individual, may be liable for defamation by its employees." *Diplomat Electric Inc. v. Westinghouse Electric Supply Co.,*

*Division of Westinghouse Electric Corp.*, 378 F.2d 377 (5th Cir. 1967).[2]  If the employee was an agent of the corporation acting within the scope of his employment, then the employer may be held liable.  *Baker v. Atlantic Coast Line R. Co.*, 192 So. 606, 606-07 (Fla. 1939).  Here, Plaintiff has alleged that McCaffrey was an officer of BEA and that "McCaffrey's actions were committed within the course and scope of his employment." (Compl. ¶ 48.)  Plaintiff has thus alleged sufficient facts to state a claim against BEA under Florida law.

### *Economic Loss Rule*

The Florida Supreme Court has held that the "economic loss rule is a judicially created doctrine that sets forth the circumstances under which a tort action is prohibited if the only damages suffered are economic losses."  *Indemnity Insurance Co. of North America v. American Aviation, Inc.*, 891 So. 2d 532, 536 (Fla. 2004).  The rule prohibits tort actions to recover "solely economic damages for those in contractual privity" to prevent the parties from "circumventing the allocation of losses set forth in the contract."  *Id.*  The economic loss rule bars recovery in tort where the act "complained of relates to the performance of the contract."  *Allen v. Stephan Co.*, 784 So. 2d 456, 457 (Fla. 4th Dist. Ct. App. 2000).  The Florida Supreme Court has held that the rule "has not eliminated causes of action based upon torts independent of the contractual breach even though there exists a breach of contract action.  Where a contract exists, a tort action will lie for either intentional or negligent acts considered to be independent from acts that breached the contract."  *HTP, Ltd. v. Lineas Aereas Costarricenses, S.A.*, 685 So.2d 1238, 1239 (Fla. 1996).

A cause of action for defamation is not barred by the economic loss rule.  *Facchina v.*

---

[2]In *Bonner v. City of Pritchard*, 661 F.2d 1206, 1207 & 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent the decisions of the Fifth Circuit rendered prior to October 1, 1981.

*Mutual Benefits Corp.*, 735 So. 2d 499, 502-03 (Fla. Dist. Ct. App. 1999) ("It would be unrealistic to hold potential defamation claimants to a duty to provide for remedies by contract with potential defamers, assuming they could be foreseen."). The Court also agrees with Plaintiff that his claims for negligent retention and negligent supervision are not barred by the economic loss rule. Plaintiff here seeks economic damages on his claim for breach of contract. However, his claims for negligent retention and negligent supervision are not based on those same economic losses as those from the breach of the employment contract. Instead, Plaintiff seeks damages "for injury to his reputation and for impairment of his reputation and standing in the community, and damages for his mental suffering, anguish, humiliation, or embarrassment." (Pl. Resp. 12.) Like the unsuccessful defendant in *Liberti v. Walt Disney World Co.*, 912 F. Supp. 1494, 1504 (M.D. Fla. 1995), Defendants here essentially argue that because Plaintiff had a contract with BEA, BEA is "not liable for injuries resulting from any negligent or intentional tort arising out of this relationship." Assuming the allegations in the Complaint to be true, the Court cannot hold that Plaintiff is seeking the same damages under these tort claims as he is from "disappointed expectations" as to the breach of the employment contract. The acts leading to the breach of contract are not the same acts that form the basis of Plaintiff's other tort claims. Further, Plaintiff could not have anticipated McCaffrey's behavior so as to incorporate adequate terms into his contract ex ante to protect himself from potentially tortious actions.

Accordingly, Defendants' motion to dismiss Counts II, III, and V for negligent supervision, negligent retention, and defamation is denied.[3]

---

[3]The parties also discuss whether Plaintiff may seek damages for emotional distress for his claims of negligent retention and negligent supervision. It is premature to discuss potential damages at this stage. Since a decision on this issue would not have any bearing on whether the

**Conclusion**

It is hereby **ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss Plaintiff's Amended Complaint (DE 2) is **DENIED**.  Defendants Motion for Extension of Time (DE 4) is **GRANTED**.  Defendants' shall have ten (10) days from the date of this Order to file responsive pleadings to the remaining counts of the Complaint.  Plaintiff's Motion to File Sur-Reply in Opposition to Defendants' Motion to Dismiss (DE 35) is **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 24th day of January, 2008.

_____
KENNETH A. MARRA
United States District Judge

Copies furnished to:
all counsel of record

---

counts would be dismissed, the Court reserves ruling on that issue.