UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

| | |
|---|---|
| JEFFREY HOLTZMAN, | CASE NO.: 9:07-CV-80551-KAM |
| Plaintiff, | |
| vs. | |
| B/E AEROSPACE, INC., a Delaware Corporation, and THOMAS P. MCCAFFREY, an individual, | |
| Defendants. | |

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE CERTAIN AFFIRMATIVE DEFENSES, OR IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT, AND MOTION FOR LEAVE TO REPLY TO AFFIRMATIVE DEFENSES AND INCORPORATED <u>MEMORANDUM OF LAW</u>**

Defendants, B/E AEROSPACE, INC. and THOMAS P. MCCAFFREY (collectively, "Defendants"), by and through their undersigned counsel, file this Memorandum of Law in Opposition to Plaintiff's Motion to Strike Certain Affirmative Defenses, or in the Alternative, Motion for Leave to Reply to Affirmative Defenses and Incorporated Memorandum of Law (D.E. #46) ("Motion to Strike"), and state as follows:

### I.  PROPER STANDARD

Motions to strike affirmative defenses are "generally disfavored and should be denied unless it is clear that the defenses could not succeed under any circumstances." *In re Tampa Checkmate Food Services, Inc., Checkers Drive-In Restaurants v. Tampa Checkmate Food Services, Inc.*, 221 B.R. 541 (M.D. Fla. 1998); *Madura v. Countrywide Home Loans, Inc.*, 2008 WL 151852 (M.D. Fla. 2008); *Royal Palm Savings Ass'n v. Pine Trace Corporation*, 716 F. Supp. 1416 (M.D. Fla. 1989). Such motions are "often…considered 'time wasters.'" *Royal*

*Palm*, 716 F. Supp. at 1417, *citing Poston v. American President Lines, Ltd.*, 452 F. Supp. 568, 570 (S.D. Fla. 1978).

Motions to strike affirmative defenses "should only be granted if three requirements are satisfied:

> (1) it must appear to a certainty that the plaintiff would succeed despite any set of facts which could be proven to support the defense; (2) the defense must not present disputed and substantial questions of law which, if resolved, could support the defendant's claim; <u>and</u> (3) the plaintiff must show that it would be prejudiced if the defense is included.

(Emphasis added). *See In re Tampa Checkmate Food Services, Inc., Checkers Drive-In Restaurants v. Tampa Checkmate Food Services, Inc.*, 221 B.R. 541 (M.D. Fla. 1998), *see also U.S. Commodity Futures Trading Commission v. A.S. Templeton Group, Inc.*, 297 F. Supp. 2d 531 (E.D. NY 2003). The Eleventh Circuit has succinctly explained as follows:

> …the liberal pleading rules established by the Federal Rules of Civil Procedure apply to the pleading of affirmative defenses. We must avoid hypertechnicality in pleading requirements and focus, instead, on enforcing the actual purpose of the rule. The purpose of Rule 8(c) is simply to guarantee that the opposing party has notice of any additional issue that may be raised at trial so that he or she is prepared to properly litigate…*When a plaintiff has notice that an affirmative defense will be raised at trial, the defendant's failure to comply with Rule 8(c) does not cause the plaintiff any prejudice*.

*Hassan v. United States Postal Service*, 842 F. 2d 260, 263 (11th Cir. 1988).

## II.   PLAINTIFF HAS FAILED TO MEET THE THRESHOLD REQUIREMENTS TO SUPPORT HIS MOTION TO STRIKE

In his Motion to Strike, Plaintiff has failed to show -- nor can he show -- that (1) he would succeed despite any set of facts which could be proven to support each of Defendants' Affirmative Defenses, (2) Defendants' Affirmative Defenses do not present disputed and substantial questions of law which, if resolved, could support their claim, and (3) Plaintiff would be prejudiced if Defendants' Affirmative Defenses are included. To the contrary, each of

Defendants' Affirmative Defenses present disputed and substantial issues of law and fact which, when proven, will bar Plaintiff's recovery in whole or in part.

Moreover, Plaintiff has failed to allege -- nor can he in good faith allege -- that he will be prejudiced by the inclusion of the Affirmative Defenses sought to be included by Defendants. Plaintiff's first argument that Defendants did not comply with the pleading requirements of Rule 8(a)(2), Fed. R. Civ. P., does not satisfy Plaintiff's burden to show prejudice. As the Eleventh Circuit explained, because Plaintiff is clearly on notice as to which Affirmative Defenses Defendants will raise at trial, Defendants' alleged failure to comply with Rule 8, Fed. R. Civ. P., "does not cause plaintiff any prejudice." *Id.* Indeed, nowhere in its Motion to Strike does Plaintiff even claim that he would be prejudiced in any way if Defendants are permitted to raise at trial the Affirmative Defenses that they have asserted. Having failed to make *any* showing of prejudice, Plaintiff's Motion to Strike should be denied.

### III. DEFENDANTS' FIRST, SEVENTH, EIGHTH, NINTH AND TENTH AFFIRMATIVE DEFENSES ARE NOT MERE DENIALS BUT RATHER WELL FOUNDED AFFIRMATIVE DEFENSES TO PLAINTIFF'S CLAIMS

In evaluating the sufficiency of affirmative defenses, the standard is that "'to the extent assertions that are labeled 'defenses' put into issue relevant and substantial legal and factual questions, they are 'sufficient' and may survive a motion to strike even if they might not totally bar the plaintiff's claim." *Solow v. Greater Orlando Aviation Authority*, 175 B.r. 239 (N.D. Ill. 1994), *citing Donovan v. Robbins*, 99 F.R.D. 593, 596 (N.D. Ill. 1983). "A motion to strike will ordinarily be denied where the allegations under attack are of such a character that their sufficiency should not be determined summarily, but should be decided only after a hearing or decision on the merits." *Id., citing Gibbs v. Buck*, 307 U.S. 66, 59 S. Ct. 725, 83 L. Ed. 1111 (1939).

Defendants' First Affirmative Defense, that Plaintiff's contractual and FMLA claims are barred because he *voluntarily* resigned has clearly "put into issue relevant and substantial legal and factual questions" and is therefore legally sufficient. *See Id.* This defense does not merely deny Plaintiff's allegation that he was terminated. Rather, it affirmatively puts into issue that Plaintiff *voluntarily* resigned and explains that such voluntary resignation bars Plaintiff from obtaining any relief either under the Employment Agreement or under FMLA. This Affirmative Defense should not be stricken. Rather, Defendants should be afforded an opportunity to raise it at trial as it raises substantial legal and factual questions that should not be summarily decided.

Defendants' Seventh, Eighth, and Ninth Affirmative Defenses also are not mere denials, but rather well recognized affirmative defenses to defamation claims such as the one that Plaintiff has asserted in this action. Specifically, truth, privilege, and opinion are all well-recognized affirmative defenses to a claim for defamation. *See, e.g. Palmer v. Gotta Have It Golf Collectibles, Inc.*, 106 F. Supp. 2d 1289 (S.D. Fla. 2000) ("Under Florida law, truth is an affirmative defense to a defamation claim."); *Rabren v. V.W. Straigis, B.F.*, 498 So. 2d 1362 (2d DCA 1986) ("Privilege is an affirmative defense"); *Miami Child's World, Inc. v. Sunbeam Television Corp.*, 669 So. 2d 336 (Fla. 3d DCA 1996) (statements of pure opinion do not constitute actionable defamation); *Lipsig v. Ramlawi*, 760 So. 2d 170 (Fla. 3d DCA 2000).

Contrary to Defendants' allegation, Defendants' Tenth Affirmative Defense is not merely limited to "lack of publication." Rather, that Affirmative Defense specifically states that Plaintiff's claims are barred because the alleged defamatory statements were not published to a *third party*. This is an important distinction because a "defamatory statement does not become actionable…until it is published or communicated to a *third person*." *American Airlines, Inc. v. Geddes*, 960 So. 2d 830, 833 (Fla. 3d DCA 2007). (Emphasis added). Where, as here, the

alleged statements are made to corporate executive or managerial employees they are, in effect, being made to the corporation itself, and are not actionable. *Id.* Thus, Defendants' Tenth Affirmative Defense puts into issue relevant and substantial legal and factual questions. Accordingly, Defendants should be permitted to raise this defense at trial and it should not be summarily stricken.

### IV. EACH OF DEFENDANTS' AFFIRMATIVE DEFENSES SET FORTH SUFFICIENT ULTIMATE FACTS UNDER RULE 8, FED. RULE CIV. P.

In *Hassan*, the Eleventh Circuit explained the pleading requirements applicable to affirmative defenses under Rule 8, Fed. R. Civ. P. as follows:

> the liberal pleading rules established by the Federal Rules of Civil Procedure apply to the pleading of affirmative defenses. We must avoid hypertechnicality in pleading requirements and focus, instead, on enforcing the actual purpose of the rule. The purpose of Rule 8(c) is simply to guarantee that the opposing party has notice of any additional issue that may be raised at trial so that he or she is prepared to properly litigate…

*Hassan v. United States Postal Service*, 842 F. 2d 260, 263 (11th Cir. 1988).

Each and every Affirmative Defense asserted by Defendants complies with the notice pleading requirements of Rule 8, Fed. R. Civ. P. Specifically, Plaintiff cannot in good faith complain that he is not on notice as to the issues that Defendants will raise at trial. Accordingly, Defendants' Affirmative Defenses should not be stricken on the ground that they fail to meet the pleading requirements present in the Federal Rules of Civil Procedure.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Strike should be denied. In the alternative, if this Court is inclined to grant Plaintiff's Motion to Strike, in whole or in part, Defendants request leave to amend their Affirmative Defenses to comply with this Court's Order. With respect to Plaintiff's Motion for Leave to Reply to Affirmative Defenses set forth in

Section II of Plaintiff's Motion to Strike, Defendants state that they have no objection to the extension of time sought by Plaintiff.

Respectfully submitted,

GREENBERG TRAURIG, P.A.
*Attorneys for Defendants*
401 East Las Olas Boulevard, Suite 2000
Fort Lauderdale, Florida  33301
Telephone:  (954) 765-0500
Facsimile:  (954) 765-1477

By:     /s/Avi Benayoun
MICHELE L. STOCKER
Florida Bar Number  0044105
stockerm@gtlaw.com
AVI BENAYOUN
Florida Bar No. 0151696
benayouna@gtlaw.com

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that on this 7th day of  April 2008, I electronically filed a true and correct copy of the foregoing document using the CM/ECF system, and served a copy on, **Steven L. Schwarzberg, Esq. and Kerry A. Raleigh, Esq.**, Schwarzberg, Spector, Duke & Rogers, 222 Lakeview Avenue, Esperante - Suite 210, West Palm Beach, Florida  33401, counsel for Plaintiff, via transmission of a Notice of Electronic Filing Generated by CM/ECF.

   /s/Avi Benayoun
   Avi Benayoun