UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

NO. 07-80551-CIV-MARRA/JOHNSON

JEFFREY HOLTZMAN,

    Plaintiff,

v.

B/E AEROSPACE, INC., a Delaware
corporation, and THOMAS P.
MCCAFFREY, an individual,

    Defendants.
_____/

## OPINION AND ORDER ON MOTION TO STRIKE

THIS CAUSE is before the Court on Plaintiff Jeffrey Holtzman's Motion to Strike Certain Affirmative Defenses, or in the Alternative, Motion for More Definite Statement and Motion for Leave to Reply to Affirmative Defenses (DE 46), filed February 27, 2008. Defendants B/E Aerospace, Inc., and Thomas P. McCaffrey responded on April 7, 2008 (DE 59), but Plaintiff has filed no reply. The Court has carefully considered the motion and is otherwise fully advised in the premises.

Plaintiff Jeffrey Holtzman ("Plaintiff") asks the Court to strike affirmative defenses 1-4 and 6-17 filed by Defendants B/E Aerospace, Inc. and Thomas P. McCaffrey ("Defendants"). Plaintiff claims these "vacuous affirmative defenses" are "nothing more than mere denials and/or bare-bones conclusory statements." (DE 46 at 1-2.) Alternatively, Plaintiff asks the Court to order Defendants to plead a more definite statement as to these defenses. Plaintiff also seeks leave of the Court to file a reply to Defendants' affirmative defenses. Defendants argue that

1

Plaintiff's motion is entirely inappropriate, that they adequately pled their affirmative defenses, and that they have no objection to Plaintiff's request to file a reply.

Plaintiff moves to strike the affirmative defenses under Fed. R. Civ. P. 12(f), which allows the Court to strike a defense on the grounds of insufficiency, immateriality, irrelevancy, or redundancy.  Motions to strike under Rule 12(f) are disfavored, and several courts have characterized such motions as "time wasters."  *Royal Palm Savings Association v. Pine Trace Corp.*, 716 F. Supp. 1416, 1417 (M.D. Fla. 1989); *Poston v. American President Lines, Ltd.*, 452 F. Supp. 568, 570 (S.D. Fla. 1978); *see also BJC Health System v. Columbia Casualty Co.*, 478 F.3d 908, 917 (8th Cir. 2007) ("Striking a party's pleading, however, is an extreme and disfavored measure.").  Motions to strike will usually be denied unless 1.) the allegations have no possible relation to the controversy and 2.) the allegations may cause prejudice to one of the parties.  *See Augustus v. Board of Public Instruction*, 306 F.2d 862, 868 (5th Cir. 1962);[1] *see also Kinnear-Weed Corp. v. Humble Oil & Refining Co.*, 214 F.2d 891, 894 (5th Cir. 1954) (holding a motion to strike was proper when the pleading contained claims that "might serve to prejudice the defendant or prolong the trial").  When considering a motion to strike an affirmative defense, the Court must accept as true the allegations in the affirmative defense.  *Kohen v. H.S. Crocker Co.*, 260 F.2d 790, 792 (5th Cir. 1958).

Plaintiff asserts that Defendants' affirmative defenses one (voluntary resignation), seven (truth), eight (privilege), nine (opinion), and ten (lack of publication to third party) are "mere denials" or attacks on elements of Plaintiff's claims.  The Court agrees with Defendants,

---

[1] In *Bonner v. City of Pritchard*, 661 F.2d 1206, 1207 & 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent the decisions of the Fifth Circuit rendered prior to October 1, 1981.

however, that these defenses are all appropriate affirmative defenses. With respect to voluntary resignation, Defendants are correct that the defense is not merely a denial that Plaintiff was discharged but states that Plaintiff left of his own volition. Further, the defenses of truth, privilege, and opinion are all affirmative defenses to a claim of defamation under Florida law. *See, e.g., Beck v. Lipkind*, 681 So. 2d 794, 795 (Fla. Dist. Ct. App. 1996) (holding that alleged defamatory acts were "not actionable because they were either true, pure opinion, or protected by a qualified business privilege"); *see also Rabren v. Straigis*, 498 So. 2d 1362, 1363 (Fla. Dist. Ct. App. 1986) (stating that "privilege is an affirmative defense" and that a defendant must assert such a defense in its pleadings); *Miami Herald Publishing Co. v. Brautigam*, 127 So. 2d 718, 723 (Fla. Dist. Ct. App. 1961) (holding that truth is an affirmative defense as to which the defendant has the burden of proof). Defendants' defense of failure to publish to a third party raises legal and factual questions that it intends to raise at trial (i.e., whether the individuals to whom the statements were communicated were actually "third parties" or whether those individuals were corporate representatives). Plaintiff has not shown either that the defenses are unrelated to the controversy or that the defenses, if not stricken, will be prejudicial to Plaintiff. Accordingly, the Court finds that these defenses should not be stricken.

     As for the remaining affirmative defenses, Plaintiff does not argue that these affirmative defenses are invalid as a matter of law. Instead, Plaintiff argues that these defenses do not provide facts giving it fair notice of the claim in order for Plaintiff to respond adequately. In such situations, a motion to strike under Rule 12(f) is not the appropriate remedy. Rule 12(e) permits a party to move for a "more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare

a response." Fed. R. Civ. P. 12(e).  If a pleading "fails to specify the allegations in a manner that provides sufficient notice" or does not contain enough information to allow a responsive pleading to be framed, the proper motion to be filed is a motion for a more definite statement. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); *Sisk v. Texas Parks and Wildlife Dep't*, 644 F.2d 1056, 1059 (5th Cir. 1981).

As the Supreme Court recently held in *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007), a plaintiff, in framing its complaint, must provide "factual allegations" and not merely a recitation of the elements of a cause of action.  This same logic holds true for pleading affirmative defenses – without alleging facts as part of the affirmative defenses, Plaintiff cannot prepare adequately to respond to those defenses.  While Defendants need not provide detailed factual allegations, they must provide more than bare-bones conclusions.  Plaintiff should not be left to discover the bare minimum facts constituting a defense until discovery, for the "purpose of discovery is to find out additional facts about a well-pleaded claim, not to find out whether such a claim exists." *Stoner v. Walsh*, 772 F. Supp. 790, 800 (S.D.N.Y. 1991).

The Court finds that there are insufficient allegations of fact to support the second, third, fourth, sixth, twelfth, thirteenth, fifteenth, sixteenth, and seventeenth affirmative defenses. Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion to Strike Certain Affirmative Defenses, or in the Alternative, Motion for a More Definite Statement and Motion for Leave to Reply to Affirmative Defenses (DE 46) is **GRANTED IN PART AND DENIED IN PART** as follows:

1. Plaintiff's motion to strike affirmative defenses is **DENIED**.
2. Plaintiff's motion for a more definite statement as to the affirmative defenses detailed above

is **GRANTED**.  Defendants shall file an amended answer <u>within ten (10) days of the date of entry of this Order</u>, providing a factual basis for these affirmative defenses.

3.  Plaintiff's motion to file a reply to Defendants' affirmative defenses is **GRANTED**.  Plaintiff shall file its reply within ten (10) days from the date that Defendants file their amended answer.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 28th day of May, 2008.

_____
KENNETH A. MARRA
United States District Court

Copies furnished to:
all counsel of record