UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

NO. 07-80551-CIV-MARRA/JOHNSON

JEFFREY HOLTZMAN,

      Plaintiff,

v.

B/E AEROSPACE, INC., a Delaware
corporation, and THOMAS P.
MCCAFFREY, an individual,

      Defendant.

_____/

## OPINION AND ORDER ON MOTION TO STAY DISCOVERY

THIS CAUSE comes before the Court on Plaintiff's Motion to Stay Discovery and for

Protective Order (DE 88), filed June 6, 2008.  The motion is now fully briefed and is ripe for

review.  The Court has carefully considered the motion and is otherwise fully advised in the

premises.

Plaintiff Jeffrey Holtzman ("Plaintiff") seeks an Order staying any discovery pending

resolution of Plaintiff's separately filed Motion for Partial Summary Judgment (DE 71) as well

as a protective order to prevent Defendants B/E Aerospace, Inc. and Thomas P. McCaffrey

("Defendants") from deposing Plaintiff and his wife.  Plaintiff claims that a protective order and

stay are appropriate because the Motion for Partial Summary Judgment may be resolved without

further discovery.  After resolution of the Motion, Plaintiff claims that the focus of discovery can

be narrowed, thus saving time and expense.  Further, Plaintiff intimates that Defendants intend to

procure from Plaintiff "personal, private, constitutionally-protected, confidential and privileged

information that may very well be moot upon this Court's resolution of Plaintiff's Motion for

Partial Summary Judgment, and which is designed to merely intimidate and/or harass Plaintiff

into submission of his claims." (Pl. Reply 3.) Plaintiff, however, provides no support for this

allegation; it appears that Plaintiff merely speculates that Defendants are engaging in harassment.

Pursuant to Fed. R. Civ. P. 26(c), the Court may issue a protective order upon a showing

of "good cause" to limit the scope of discovery upon motion of a party. Likewise, the Court has

broad discretion in regulating discovery matters, including the power to stay discovery pending

resolution of a dispositive motion. *Scroggins v. Air Cargo, Inc.*, 534 F.2d 1124, 1133 (5th Cir.

1976)[1]; *see also Aponte-Torres v. University of Puerto Rico*, 445 F.3d 50, 59 (1st Cir. 2006)

("Where, as here, a party has had an adequate opportunity to conduct discovery, it is well within

the district court's province, at least in the absence of a showing of changed circumstances or

particularized need, to stay further discovery pending the determination of a dispositive

motion."). However, Defendants are correct that "an abuse of discretion occurs in staying

general discovery 'if plaintiff [has] been denied discovery which relates to the summary

judgment motion.'" *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1560 (11th Cir. 1985)

(quoting *Scroggins*, 534 F.2d at 1133).

Plaintiff continues to maintain that Defendants do not need additional discovery to

respond to its Motion for Partial Summary Judgment. However, it is not Plaintiff's decision as to

what information Defendants do or do not need to respond to the motion. Defendants are entitled

to reasonable discovery to oppose Plaintiff's motion. Failure to provide a party with reasonable

---

[1]In *Bonner v. City of Pritchard*, 661 F.2d 1206, 1207 & 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent the decisions of the Fifth Circuit rendered prior to October 1, 1981.

opportunities for full discovery is reversible error.  *WSB-TV v. Lee*, 842 F.2d 1266, 1269 (11th

Cir. 1988).  Plaintiff has failed to advance any argument constituting good cause for staying

discovery in this case.  Plaintiff has not demonstrated "annoyance, embarrassment, oppression, or

undue burden" from allowing this discovery – only simple inconvenience and distaste.

Defendants must be permitted to conduct full discovery, and issues of cost and unsupported

allegations of harassment are insufficient to justify limiting Defendants' rights.  Further,

regardless of the disposition of Plaintiff's Motion for Partial Summary Judgment, discovery must

proceed with respect to the remaining claims in the Complaint.  Granting a stay of *all* discovery

would be inappropriate since five counts of the Complaint are not subject to the ruling on this

dispositive motion and Plaintiff's motion does not hold the prospect of terminating the case in its

entirety.

     Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion to Stay

Discovery and for Protective Order (DE 74) is **DENIED**.

     **DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County,

Florida, this 8th day of July, 2008.

 

                                   _____

                                   KENNETH A. MARRA
                                   United States District Judge

Copies furnished to:
all counsel of record